IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JESSICA BARTON, individually on behalf of herself and all others similarly situated,

    Plaintiff,

v.

PRET A MANGER (USA) LIMITED,

    Defendant.

Case No. 1:20-cv-04815 GHW-GWG

Hon. Gregory Woods

Oral Argument Requested

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S
MOTION TO DISMISS, OR, IN THE ALTERNATIVE,
TO STRIKE WARRANTY BASED CLASS ALLEGATIONS**

## **TABLE OF CONTENTS**

**Page**

ARGUMENT ............................................................................................................................. 1

    I.    Plaintiff's First Amended Complaint Fails on the Merits and Must Be Dismissed. ........................................................................................................... 1

        A.    The GBL "Synthetics" Claim Fails Because Reasonable Consumers Would Not Have Been Misled by the Presence of Naturally Occurring Ingredients. ............................................................... 1

        B.    The GBL "GMO" Claim Fails Because Reasonable Consumers Would Not Have Been Misled by the Presence of GMO Soya. ................ 3

        C.    Plaintiff Fails to Plead Breach of Express Warranty Under New York Law. ................................................................................................ 4

        D.    Plaintiff Does Not State a Claim Under the Magnuson-Moss Warranty Act. ............................................................................................. 6

        E.    Plaintiff's Duplicative Claim for Unjust Enrichment Fails. ...................... 8

    II.    In the Alternative, the Court Should Strike Plaintiff's Warranty Class Allegations. ..................................................................................................... 9

CONCLUSION ........................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alce v. Wise Foods, Inc.*,
   No. 17-cv-2402, 2018 WL 1737750 (S.D.N.Y. Mar. 27, 2018)..............................................8

*Anderson v. Jamba Juice Co.*,
   888 F. Supp. 2d 1000 (N.D. Cal. 2012)..................................................................................7

*Ault v. J.M. Smucker Co.*,
   No. 13-cv-3409, 2014 WL 1998235 (S.D.N.Y. May 15, 2014) .............................................3

*Axon v. Florida's Natural Growers, Inc.*,
   813 F. App'x 701 (2d Cir. 2020) ............................................................................................1

*Bassaw v. United Indus. Corp.*,
   No. 19-cv-7759, 2020 WL 5117916 (S.D.N.Y. Aug. 31, 2020).............................................6

*Bautista v. Cytosport, Inc.*,
   No. 15-cv-9081, 223 F. Supp. 3d 182 (S.D.N.Y. 2016).........................................................8

*Borenkoff v. Buffalo Wild Wings, Inc.*,
   No. 16-cv-8532, 2018 WL 502680 (S.D.N.Y. Jan. 19, 2018).................................................8

*Brady v. Anker Innovations Ltd.*,
   No. 18-cv-11396, 2020 WL 158760 (S.D.N.Y. Jan. 13, 2020)...............................................8

*Brady v. Basic Research, L.L.C.*,
   101 F. Supp. 3d 217 (E.D.N.Y. 2015).....................................................................................7

*Brazil v. Dole Food Co.*,
   935 F. Supp. 2d 947 (N.D. Cal. 2013).....................................................................................7

*Buonasera v. Honest Co.*,
   208 F. Supp. 3d 555 (S.D.N.Y. 2016).....................................................................................1

*Buonasera v. The Honest Co., Inc.*,
   No. 16-cv-01125, 2016 WL 7451144 (S.D.N.Y. Apr. 20, 2016) ...........................................2

*Casey v. Odwalla*,
   338 F. Supp. 3d 284 (S.D.N.Y. 2018).....................................................................................8

*Diaz v. Paragon Motors of Woodside, Inc.*,
   424 F. Supp. 2d 519 (E.D.N.Y. 2006).....................................................................................7

*Famular v. Whirlpool Corp.*,
 No. 16-cv-944, 2019 WL 1254882 (S.D.N.Y. Mar. 19, 2019)..............................................10

*In re Frito-Lay N. Am., Inc. All Nat. Litig.*,
 No. 12-cv-2413, 2013 WL 4647512 (E.D.N.Y. Aug. 29, 2013) ................................. 1, 2, 5, 7

*In re Frito-Lay N. Am., Inc. "All Natural" Litig.*,
 No. 12-MD-02413, 2013 WL 8124686 (E.D.N.Y. Dec. 3, 2013) ...........................................3

*Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*,
 No. 13-cv-3073, 2013 WL 2155063 (S.D.N.Y. May 7, 2013) .................................................2

*Hairston v. South Beach Beverage Co.*,
 No. 12-cv-1429, 2012 WL 1893818 (C.D. Cal. May 18, 2012) ..............................................7

*Hart v. BHH, LLC*,
 No. 15-cv-4804, 2016 WL 2642228 (S.D.N.Y. May 5, 2016) .................................................8

*Henry v. Daytop Vill., Inc.*,
 42 F.3d 89 (2d Cir. 1994) ..........................................................................................................9

*Jou v. Kimberly-Clark Corp.*,
 No. 13-cv-03075, 2013 WL 6491158 (N.D. Cal. Dec. 10, 2013)............................................3

*Kaatz v. Hyland's Inc.*,
 No. 16 -cv-237, 2016 WL 3676697 (S.D.N.Y. July 6, 2016)...................................................7

*Kennedy v. Mondelez Glob. LLC*,
 No. 19-cv-302, 2020 WL 4006197 (E.D.N.Y. July 10, 2020) .................................................4

*In re KIND LLC "Healthy & All Natural" Litig.*,
 209 F. Supp. 3d 689 (S.D.N.Y. 2016)......................................................................................3

*Koenig v. Boulder Brands, Inc.*,
 995 F. Supp. 2d 274 (S.D.N.Y. 2014).......................................................................................8

*Kurtz v. Kimberly-Clark Corp.*,
 321 F.R.D. 482 (E.D.N.Y. 2017), *aff'd in pt., rev'd in pt. sub nom. Kurtz v. Costco Wholesale Corp.*, 818 F. App'x 57 (2d Cir. 2020) .....................................................10

*La Fosse v. Sanderson Farms, Inc.*,
 No. 19-cv-6570, 2020 WL 3617786 (N.D. Cal. July 2, 2020) ................................................7

*Lewand v. Mazda Motor of Am., Inc.*,
 No. 17-cv-1700620, 2017 WL 8117764 (C.D. Cal. Nov. 8, 2017).........................................9

*Lugones v. Pete & Gerry's Organic, LLC*,
 440 F. Supp. 3d 226 (S.D.N.Y. 2020) ......................................................................................5

*Luib v. Henkel Consumer Goods Inc.*,
  No. 17-cv-03021, 2018 WL 718376 (E.D.N.Y. Feb. 5, 2018) ................................................2

*Marshall v. Hyundai Motor Am.*,
  334 F.R.D. 36 (S.D.N.Y. 2019) ..........................................................................................10

*Mayfield v. Asta Funding, Inc.*,
  95 F. Supp. 3d 685 (S.D.N.Y. 2015) ....................................................................................9

*Morales v. Unilever United States, Inc.*,
  No. 13-cv-02213, 2013 WL 684710 (E.D. Cal. Dec. 2, 2013) ..............................................2

*Niles v. Beverage Mktg. USA, Inc.*,
  No. 19-cv-1902, 2020 WL 4587753 (E.D.N.Y. Apr. 16, 2020) ............................................5

*Oscar v. BMW of N. Am., LLC*,
  274 F.R.D. 498 (S.D.N.Y. 2011) ........................................................................................10

*Panda Capital Corp. v. Kopo International, Inc.*,
  662 N.Y.S.2d 584 (App. Div. 1997) ....................................................................................5

*Podpeskar v. Dannon Co.*,
  No. 16-cv-8478, 2017 WL 6001845 (S.D.N.Y. Dec. 3, 2017) ..............................................4

*Price v. L'Oreal USA, Inc.*,
  No. 17-cv-614, 2018 WL 3869896 (S.D.N.Y. Aug. 15, 2018) ............................................10

*Reynolds v. Lifewatch, Inc.*,
  136 F. Supp. 3d 503 (S.D.N.Y. 2015) ..................................................................................8

*In re Scotts EZ Seed Litig.*,
  304 F.R.D. 397 (S.D.N.Y. 2015) ........................................................................................10

*Segedie v. The Hain Celestial Grp., Inc.*,
  No. 14-cv-5029, 2014 WL 9953681 (S.D.N.Y. July 3, 2014) ..............................................2

*Segedie v. Hain Celestial Grp., Inc.*,
  No. 14-cv-5029, 2015 WL 2168374 (S.D.N.Y. May 7, 2015) ..............................................2

*Silva v. Hornell Brewing Co.*,
  No. 20-cv-756, 2020 WL 4586394 (E.D.N.Y. Aug. 10, 2020) .............................................6

*Silva v. Smucker Nat. Foods, Inc.*,
  No. 14-cv-6154, 2015 WL 5360022 (E.D.N.Y. Sept. 14, 2015) ...........................................2

*Sitt v. Nature's Bounty, Inc.*,
  No. 15-cv-4199, 2016 WL 5372794 (E.D.N.Y. Sept. 26, 2016) ...................................2, 7, 8

*St. John's Univ., New York v. Bolton*,
   757 F. Supp. 2d 144 (E.D.N.Y. 2010) ................................................................................ 9

*Suarez v. California Nat. Living, Inc.*,
   No. 17-cv-9847, 2019 WL 1046662 (S.D.N.Y. Mar. 5, 2019) ............................................ 7

*Tomasino v. Estee Lauder Cos. Inc.*,
   44 F. Supp. 3d 251 (E.D.N.Y. 2014) .................................................................................. 5

*Tomasino v. Estee Lauder Cos., Inc.*,
   No. 13-cv-4692, 2015 WL 4715017 (E.D.N.Y. Aug. 7, 2015) ........................................... 5

*Tsan v. Seventh Generation, Inc.*,
   No. 15-cv-00205, 2015 WL 6694104 (N.D. Cal. Nov. 3, 2015) ........................................ 3

*Warner v. StarKist Co.*,
   No. 18-cv-406, 2019 WL 1332573 (N.D.N.Y. Mar. 25, 2019) ........................................... 9

*Weiner v. Snapple Beverage Corp.*,
   No. 07-cv-8742, 2010 WL 3119452 (S.D.N.Y. Aug. 5, 2010) ......................................... 10

*Weisblum v. Prophase Labs, Inc.*,
   88 F. Supp. 3d 283 (S.D.N.Y. 2015) .................................................................................. 8

**Statutes and Other Authorties**

15 U.S.C. § 2301(6) ...................................................................................................................... 6

83 Fed. Reg. 65833 (Dec. 21, 2018) ......................................................................................... 3, 4

Under this Court's Individual Rule 3.D, Plaintiff "should not expect the Court will grant further leave to amend. . . to address deficiencies identified" in Pret's motion. This Court should dismiss the FAC with prejudice or strike Plaintiff's warranty-based class allegations.

## ARGUMENT

### I. Plaintiff's First Amended Complaint Fails on the Merits and Must Be Dismissed.

#### A. The GBL "Synthetics" Claim Fails Because Reasonable Consumers Would Not Have Been Misled by the Presence of Naturally Occurring Ingredients.

Plaintiff argues that, because some other "natural" lawsuits have survived motions to dismiss, Plaintiff's FAC must survive as well. But the question before this Court is specific to the facts of this case: does Plaintiff "plausibly allege that a significant portion of the general consuming public or of targeted consumers" *(Axon v. Florida's Natural Growers, Inc.*, 813 F. App'x 701, 704 (2d Cir. 2020)) (internal quotations and citations omitted) would construe a statement that Pret's foods were "natural" or "made with natural ingredients" (FAC ¶ 40) to exclude common, naturally-occurring ingredients like citric acid.[1] While Plaintiff cites cases allowing "natural" claims to proceed, none support Plaintiff's theory in this litigation.

At the outset, the Second Circuit has now clearly held that unlike "100% natural," the term "natural" on its own —as formerly used in Pret's advertising— cannot reasonably be read to indicate "the absolute absence of" synthetic substances. 813 F. App'x at 705. That the substance at issue in *Axon* was contamination from the herbicide glyphosate does not alter the Court's common sense holding that the phrases "100% natural" and "natural" have different meanings. Thus, cases that involve "all natural"[2] or "100% natural" advertising are inapposite.

---

[1] As reflected in Pret's opening brief (p. 6), Plaintiff concedes that citric, malic, lactic, and ascorbic acids occur naturally, and that DATEM, Mono- and diglycerides, and maltodextrin can be derived from natural ingredients.

[2] *See*, *e.g.*, *In re Frito-Lay N. Am., Inc. All Nat. Litig.*, No. 12-cv-2413, 2013 WL 4647512, at *1 (E.D.N.Y. Aug. 29, 2013) ("All Natural"); *Buonasera v. Honest Co.*, 208 F. Supp. 3d 555, 559 (S.D.N.Y. 2016) ("all natural"); *Segedie* (Continued…)

But more importantly, Plaintiff cites no case law to support the proposition that a reasonable consumer would have interpreted the term "natural" to exclude even naturally occurring and naturally derived ingredients, which are permitted even in foods marketed as organic. As noted in Pret's opening brief, Plaintiff alleges that an ordinary consumer would have distinguished between citric acid "extracted from the citrus fruit" rather than "synthetically" derived citric acid (actually made through large-scale fermentation processes), even though both substances are identical down to the molecule. Plaintiff's opposition does not attempt to defend this position; nor could it. Indeed, Plaintiff's own Amended Complaint relies on regulatory authority holding that citric acid derived from fermentation is "nonsynthetic," *i.e.* natural, because it is made "from a naturally occurring biological process." ECF No. 13-1 at p. 4.

Unlike the common ingredients at issue in this case, Plaintiff's authorities all involved the presence of substances that could not occur in nature, could not be naturally derived, and in some cases were allegedly dangerous. *See*, *e.g. Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*, No. 13-cv-3073, 2013 WL 2155063 (S.D.N.Y. May 7, 2013), ¶¶ 6-7 (*inter alia*, "Methylisothiazolinone . . . a powerful biocide that has been linked to brain and nerve cell damage."); *Morales v. Unilever United States, Inc.*, No. 13-cv-02213, 2013 WL 684710, at ¶ 16 (E.D. Cal. Dec. 2, 2013) ("Methylisothiazolinone – a synthetic preservative. . . that may be neurotoxic."); *Buonasera v. The Honest Co., Inc.*, No. 16-cv-01125, 2016 WL 7451144, at ¶ 60 (S.D.N.Y. Apr. 20, 2016) ("Methylisothiazolinone [] a synthetic biocide"); *Sitt v. Nature's Bounty, Inc.*, No. 15-cv-4199, 2016 WL 5372794, at *2 (E.D.N.Y. Sept. 26, 2016) ("magnesium stearate," a soap used in medical compounding); *Segedie v. The Hain Celestial Grp., Inc.*, No.

---

*v. Hain Celestial Grp., Inc.*, No. 14-cv-5029 , 2015 WL 2168374, at *2 (S.D.N.Y. May 7, 2015) ("all natural"); *Luib v. Henkel Consumer Goods Inc.*, No. 17-cv-03021, 2018 WL 718376, at *1 (E.D.N.Y. Feb. 5, 2018) ("all natural" and "100% natural"); *Silva v. Smucker Nat. Foods, Inc.*, No. 14-cv-6154 , 2015 WL 5360022, at *2 (E.D.N.Y. Sept. 14, 2015) ("all natural ingredients").

14-cv-5029, 2014 WL 9953681, at ¶ 8 (S.D.N.Y. July 3, 2014) ("dimethicone" a synthetic polymer of silicon).[3] That such claims survived a motion to dismiss does not support Plaintiff's absolutist interpretation of "natural," which is unreasonable on its face.

### B. The GBL "GMO" Claim Fails Because Reasonable Consumers Would Not Have Been Misled by the Presence of GMO Soya.

Plaintiff concedes that she did not conduct any testing and has no other factual basis to allege that soya included in the Products was GMO soya. Rather, Plaintiff argues soya is so "well known to be a GMO" that this Court can reasonably "infer that the soya in Defendant's Products is genetically modified" without any additional information. Opp. at 8.  Plaintiff has not identified any decision in the Second Circuit permitting a GMO-based claim to proceed in the absence of testing or some other factual support for the alleged presence of GMOs. *See e.g.*, *In re KIND LLC "Healthy & All Natural" Litig.*, 209 F. Supp. 3d 689, 697 (S.D.N.Y. 2016) ("some KIND products tested positive for GMOs"); *In re Frito-Lay N. Am., Inc. "All Natural" Litig.*, No. 12-MD-02413, 2013 WL 8124686, at ¶¶ 49-50 (E.D.N.Y. Dec. 3, 2013) ("Tests conducted by an independent laboratory. . . confirmed the presence of GMOs."); *Ault v. J.M. Smucker Co.*, No. 13-cv-3409 , 2014 WL 1998235, at *1 (S.D.N.Y. May 15, 2014) (alleging that "Smuckers sources its ingredients from U.S. commodity suppliers who supply GMO" and quoting a Smuckers website stating: "products may contain ingredients derived from biotechnology").

Moreover, Plaintiff fails to respond to the FDA's 2018 regulations requiring the disclosure of GMOs only where foods contain "detectable genetic material" from genetically modified source crops. National Bioengineered Food Disclosure Standard, 83 Fed. Reg. 65833 (Dec. 21, 2018).  Given Plaintiff's apparent failure to conduct any such testing, and given that an

---

[3] *See also Jou v. Kimberly-Clark Corp.*, No. 13-cv-03075, 2013 WL 6491158, at *1 (N.D. Cal. Dec. 10, 2013) ("methylisothiazolinone"); *Tsan v. Seventh Generation, Inc.*, No. 15-cv-00205, 2015 WL 6694104, at *1 (N.D. Cal. Nov. 3, 2015) ("methylisothiazolinone").

FDA study of products containing GMO soy identified detectible GMO DNA in only "13% of the soy products" (*id.*), Plaintiff does not plausibly allege that the Products would have qualified as containing GMO soya under this standard.

In any event, Plaintiff's argument about her pleading burden is wholly inconsistent with her allegation about what a reasonable consumer would have expected. Plaintiff says she has met her burden to plead the presence of GMO soya because soya is "well known to be a GMO" and "over 90% of U.S. Soy" is GMO. Opp. at 8-9. At the same time, she posits that a reasonable consumer: (i) would have been sufficiently informed about GMOs that their presence was material to their purchasing decision; but (ii) would have also assumed that Pret's soya was non-GMO in the absence of any specific representations to that effect in Pret's marketing. Plaintiff's argument is illogical on its face; a reasonable consumer who cared about the presence of GMOs would not have interpreted the phrase "made with natural ingredients" as a representation that Pret's Products contained non-GMO soya. *See, e.g. Podpeskar v. Dannon Co.*, No. 16-cv-8478, 2017 WL 6001845, at *5 (S.D.N.Y. Dec. 3, 2017) (dismissing claim based on presence of GMOs because Defendant had not "specifically represent[ed] that its products are [] GMO-free[.]").

### C. Plaintiff Fails to Plead Breach of Express Warranty Under New York Law.

Plaintiff's claim for breach of warranty must be dismissed because her unreasonable interpretation of the relevant product advertising does not constitute an express warranty under New York law. *See*, *e.g.*, *Kennedy v. Mondelez Glob. LLC*, No. 19-cv-302, 2020 WL 4006197, at *15 (E.D.N.Y. July 10, 2020). But even if Plaintiff pleaded the necessary warranty, she has failed to allege timely pre-suit notice, which is a condition precedent to her claim.

Plaintiff concedes that she never provided any notice to Pret before filing this lawsuit after purchasing Pret's products on unspecified dates prior to "mid-2019." Opp. at 1. Instead,

-4-

Plaintiff argues that this settled requirement of New York law does not apply, and that Pret received sufficient notice from a *separate case* filed by her attorneys for a *different plaintiff*.

There is not a single New York decision that has ever permitted a warranty claim to proceed based on notice provided by another individual in another case. In fact, Plaintiff's precise argument has been uniformly rejected by New York courts. *See Singleton*, 2016 WL 406295, at *12; *Niles v. Beverage Mktg. USA, Inc.*, No. 19-cv-1902, 2020 WL 4587753, at *6 (E.D.N.Y. Apr. 16, 2020), *report and recommendation adopted*, 2020 WL 3445730 (E.D.N.Y. June 24, 2020); *In re Frito-Lay N. Am., Inc. All Nat. Litig.*, No. 12-MD-2413, 2013 WL 4647512, at *28 (E.D.N.Y. Aug. 29, 2013); *see also Tomasino v. Estee Lauder Cos. Inc.*, 44 F. Supp. 3d 251, 260 (E.D.N.Y. 2014) ("The purpose of the [the notice requirement] is not to inform the seller of his own act, but to reveal to him that the buyer chooses to assert the act as a breach and seek a legal remedy ....") (internal quotations and citation omitted).

Plaintiff also cites *Panda Capital Corp. v. Kopo International, Inc.*, 662 N.Y.S.2d 584 (App. Div. 1997)[4] to suggest that the filing of her complaint itself may be deemed sufficient notice under New York law. No court has accepted this proposition:

> All that the *Panda Capital* court found was that where the plaintiff had both filed a complaint and an amended complaint and "had repeatedly made its objections to Kopo's pattern of deficient performance known ... it [was] at the very least an issue of fact as to whether reasonably timely notice of breach was given." *See* 662 N.Y.S.2d at 586-87. The Court does not believe that such an equivocal statement amounts to a binding rule that Plaintiffs' filed complaint, regardless of its temporal distance from the alleged breach of the warranty, satisfies N.Y. U.C.C. § 2-607(3)(a) . . . This belief is supported by the Court's inability to locate any authority, from either a New York State court or from within this Circuit, that relies on *Panda Capital* for such a broad rule.

*Lugones v. Pete & Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 244 (S.D.N.Y. 2020).

---

[4] Plaintiff also cites to *Tomasino v. Estee Lauder Cos., Inc.*, No. 13-cv-4692, 2015 WL 4715017, at *4 (E.D.N.Y. Aug. 7, 2015), a case which has been held to excuse pre-suit notice only "where a party alleges physical, in addition to economic, injury." *Lugones*, 440 F. Supp. 3d at 244 (internal quotations and citation omitted).

-5-

Plaintiff also asks the Court to ignore her failure to plead pre-suit notice because, she argues, the reasonableness of any notice is ultimately a factual issue that cannot be decided on a motion to dismiss. *See* Opp. at 11. While the reasonableness of notice *can be* a factual issue, courts routinely grant motions to dismiss where a delay in notice is facially unreasonable. *See, e.g.*, *Bassaw v. United Indus. Corp.*, No. 19-cv-7759, 2020 WL 5117916, at \*4 (S.D.N.Y. Aug. 31, 2020) (collecting cases). And as reflected in Pret's opening brief (pp. 14-15), when plaintiffs fail to plead *any pre-suit notice*, the case law uniformly requires dismissal on the pleadings.

Finally, Plaintiff contends that this case "stands in contrast to Tyman v. Pfizer, Inc . . . where the complaint was completely silent as to when the product at issues [sic] was purchased" because here "[t]he Amended Complaint alleges that Plaintiff purchased the Products at various times during the class period." Opp. at 12. But, the Amended Complaint does not even define the term "class period," which presumably refers to some unspecified number of years prior to the "mid-2019," when Plaintiff concedes Pret ceased using the term "natural." Opp. at 1. Plaintiff cannot credibly suggest this allegation – that she purchased unspecified products on unspecified dates at some point in the years prior to mid-2019 – is sufficient. The absence of pre-suit notice requires dismissal irrespective of when she purchased any product.

### D. Plaintiff Does Not State a Claim Under the Magnuson-Moss Warranty Act.

To state a claim under the MMWA, Plaintiff must allege *both* (i) a viable state law warranty claim; *and* (ii) breach of a "written warranty" as that term is defined under 15 U.S.C. § 2301(6). In this case, even if Plaintiff could assert a viable New York state law express warranty claim (and she cannot), her MMWA claim would still fail because the challenged "natural" advertising does not constitute "[a] written warranty under MMWA because it [does] not warrant that [the] product [i]s free from defect or promise [a] specified level of performance[.]" *See, e.g., Silva v. Hornell Brewing Co.*, No. 20-cv-756, 2020 WL 4586394, at \*6 (E.D.N.Y. Aug. 10,

2020) (dismissing MMWA claim based on "all natural" advertising); *In re Frito-Lay*, 2013 WL 4647512, at *17 (dismissing MMWA claims because "[a]n 'All Natural' label does not warrant a product free from defect") (citations omitted).[5]

Plaintiff's opposition does not even discuss, much less respond to, the extensive case law cited in Pret's opening brief. Instead, Plaintiff asks this Court to rely on a single, unpublished case from the Eastern District of New York, *Sitt v. Nature's Bounty, Inc*, which failed to acknowledge the difference between an express warranty under state law and a "written warranty" under the MMWA.[6] The plaintiff in *Sitt* alleged multiple false marketing claims in connection with a dietary supplement for treating menopause symptom, including, *inter alia*, that: (i) it was scientifically proven to "Help[] Alleviate Hot Flashes, Night Sweats and Mild Mood Changes"; and (ii) it was "natural" despite containing "magnesium stearate, a synthetic ingredient." 2016 WL 5372794, at **1-2. Without discussing the specific advertising claims at issue, the court simply held that because "the Product could [] mislead a reasonable consumer, the Court cannot conclude as a matter of law that Defendants' representations about the Product would not amount to a warranty. . .which is therefore actionable as an express warranty under either New York law or the MMWA." *Id*. at *18.

---

[5] *See also La Fosse v. Sanderson Farms, Inc.*, No. 19-cv-6570, 2020 WL 3617786, at *3 (N.D. Cal. July 2, 2020) (courts "have consistently held that '100% Natural' and similar statements constitute 'mere product descriptions' rather than actionable written warranties under the MMWA"); *Brazil v. Dole Food Co.*, 935 F. Supp. 2d 947, 950, 965–66 (N.D. Cal. 2013) (food product labeling claims, including " 'All Natural,' fresh, antioxidant, [and] sugar-free" were product descriptions, not promises under the MMWA); *Anderson v. Jamba Juice Co.*, 888 F. Supp. 2d 1000, 1004 (N.D. Cal. 2012) (same); *Hairston v. South Beach Beverage Co.*, No. 12-cv-1429, 2012 WL 1893818, at *6 (C.D. Cal. May 18, 2012) (same).

[6] Plaintiff's other citations had no reason to and/or failed to address the distinction between express warranty and "written warranty." *See Diaz v. Paragon Motors of Woodside, Inc*., 424 F. Supp. 2d 519 (E.D.N.Y. 2006) (addressing claim for breach of a written vehicle warranty); *Kaatz v. Hyland's Inc.*, No. 16 -cv-237, 2016 WL 3676697, at *6 (S.D.N.Y. July 6, 2016) (denying motion to dismiss 50 state MMWA class claim based on Rule 23 manageability); *Suarez v. California Nat. Living, Inc.*, No. 17-cv-9847, 2019 WL 1046662, at *9 (S.D.N.Y. Mar. 5, 2019) (denying motion to dismiss MMWA claim without any discussion of the "written warranty" requirement or statutory language); *Brady v. Basic Research, L.L.C.*, 101 F. Supp. 3d 217, 234 (E.D.N.Y. 2015) (statement qualified as written warranty because it promised "Rapid Weight Loss" in "a little over 6 weeks").

The *Sitt* decision is inconsistent with binding authority requiring analysis of whether allegedly false advertising statements qualify as "written warranties," and courts in this district "regularly dismiss MMWA claims—even while sustaining state-law breach of warranty claims—where defendants' representations do not satisfy the MMWA's statutory definition." *Hart v. BHH, LLC*, No. 15-cv-4804, 2016 WL 2642228, at *4 (S.D.N.Y. May 5, 2016). As noted in Pret's opening brief (pp. 16-17), every court to actually analyze this issue has determined that "natural" advertising does not qualify as a "written warranty" under the MMWA.

Finally, Plaintiff concedes that her ability to bring an MMWA claim as a class action depends on this Court's finding of "jurisdiction pursuant to CAFA." Opp. at 13. Accordingly, in the event this claim survives, Pret will raise its jurisdictional defenses in a subsequent motion.

### E.  Plaintiff's Duplicative Claim for Unjust Enrichment Fails.

In its opening brief, Pret cited overwhelming authority from this district dismissing unjust enrichment claims as duplicative because they relied on the same factual allegations as a GBL claim.[7] Plaintiff's opposition does not even attempt to address these cases. Instead, Plaintiff asks this Court to rely on a single decision, from the Northern District of New York, which permitted an unjust enrichment clam to proceed "in an abundance of caution," based on a vague allusion to the Federal Rules of Civil Procedure, which permit "pleading in the alternative." *Warner v. StarKist Co.*, No. 18-cv-406, 2019 WL 1332573, at *3 (N.D.N.Y. Mar. 25, 2019).[8]

---

[7] *See, e.g., Brady v. Anker Innovations Ltd.*, No. 18-cv-11396, 2020 WL 158760, at *12 (S.D.N.Y. Jan. 13, 2020); *Casey v. Odwalla*, 338 F. Supp. 3d 284, 299 (S.D.N.Y. 2018) (dismissing unjust enrichment claim because "[t]hese facts are the exact same that form the basis of her GBL claims."); *Borenkoff v. Buffalo Wild Wings, Inc.*, No. 16-cv-8532, 2018 WL 502680, at *4 (S.D.N.Y. Jan. 19, 2018) ("plaintiff's unjust enrichment claim is duplicative of her GBL § 349 claim, and must be dismissed on that basis."); *Alce v. Wise Foods, Inc.*, No. 17-cv-2402, 2018 WL 1737750, at *12 (S.D.N.Y. Mar. 27, 2018); *Bautista v. Cytosport, Inc.*, No. 15-cv-9081, 223 F. Supp. 3d 182, 193-94 (S.D.N.Y. 2016) (same); *Reynolds v. Lifewatch, Inc.*, 136 F. Supp. 3d 503, 525 (S.D.N.Y. 2015); *Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d 283, 297 (S.D.N.Y. 2015); *Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 290-91 (S.D.N.Y. 2014).

[8] Plaintiff also cites to *St. John's Univ., New York v. Bolton*, 757 F. Supp. 2d 144, 184 (E.D.N.Y. 2010), a decision which (i) did not involve a GBL claim and (ii) simply permitted an unjust enrichment claim to proceed in the (Continued…)

As Judge Forrest explained in *Gordon v. Hain Celestial Grp., Inc.*: "Although Rule 8(d) permits a plaintiff to plead alternative—and even inconsistent—theories of liability . . . an unjust enrichment claim must be dismissed when it entirely 'duplicates' other tort or contract claims." No. 16-cv-6526, 2017 WL 213815, at *7 (S.D.N.Y. Jan. 18, 2017). The Courts in this district have repeatedly reaffirmed this conclusion, and Plaintiff has not event attempted to articulate a basis for this Court to deviate from this uniform precedent.

**II.    In the Alternative, the Court Should Strike Plaintiff's Warranty Class Allegations.**

It is apparent "from the face of the [c]omplaint that it would be impossible to certify" Plaintiff's express warranty class "regardless of the facts [the] [p]laintiff[] may be able to obtain during discovery." *See Mayfield v. Asta Funding, Inc.*, 95 F. Supp. 3d 685, 696 (S.D.N.Y. 2015) (citation omitted). Plaintiff does not actually dispute this, but instead simply recites a litany of decisions reiterating the Second Circuit's burden for striking class claims on the pleadings.

Pret has met the relevant burden, as courts have repeatedly held that an express warranty claim brought under New York law – as asserted by Plaintiff here – is not susceptible to a class treatment as a matter of law. While Plaintiff correctly observes that Pret has cited to decisions issued at the class certification stage, Plaintiff has not cited a single decision to the contrary.[9] These decisions uniformly hold that, because New York warranty claims require proof of notice and actual reliance, "individual questions predominate" and "[c]lass certification is therefore inappropriate for these claims." *Famular v. Whirlpool Corp.*, No. 16-cv-944, 2019 WL 1254882,

---

alternative to a breach of contract claim because the defendants "dispute[d] the scope and enforceability" of the relevant contract. And Plaintiff cites to *Henry v. Daytop Vill., Inc*., 42 F.3d 89 (2d Cir. 1994), a decision that simply referenced alternative pleading but did not even discuss a claim for unjust enrichment.

[9] Plaintiff cites only a single decision addressing a motion to strike express warranty class allegations, *Lewand v. Mazda Motor of Am., Inc*., No. 17-cv-1700620, 2017 WL 8117764, at *7 (C.D. Cal. Nov. 8, 2017). This case did not discuss New York law.

at *9 (S.D.N.Y. Mar. 19, 2019).[10] Plaintiff does not suggest that discovery in this case could even potentially alter this inevitable conclusion. There is therefore no basis for her warranty-based class claims to proceed.

## CONCLUSION

For the reasons set forth above, Pret respectfully requests that the Court dismiss the FAC with prejudice, or alternatively, strike Plaintiff's warranty-based class allegations.

Dated: November 13, 2020

Respectfully submitted,

CROWELL & MORING LLP

By: */s/ Sarah M. Gilbert*
   Sarah M. Gilbert
   Jared Levine
   590 Madison Avenue
   New York, New York 10022
   (212) 223-4000
   sgilbert@crowell.com
   jalevine@crowell.com

   Christopher A. Cole
   1001 Pennsylvania Avenue NW
   Washington, DC 20004
   (202) 624-2701
   ccole@crowell.com
   *Pro Hac Vice Forthcoming*

   *Counsel for Defendant Pret A Manger (USA) Limited*

---

[10] *See also Weiner v. Snapple Beverage Corp.*, No. 07-cv-8742, 2010 WL 3119452, at *11 (S.D.N.Y. Aug. 5, 2010); *Price v. L'Oreal USA, Inc.*, No. 17-cv-614, 2018 WL 3869896, at *7 (S.D.N.Y. Aug. 15, 2018) ; *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397, 411 (S.D.N.Y. 2015); *Kurtz v. Kimberly-Clark Corp.*, 321 F.R.D. 482, 554 (E.D.N.Y. 2017), *aff'd in pt., rev'd in pt. sub nom. Kurtz v. Costco Wholesale Corp.*, 818 F. App'x 57 (2d Cir. 2020); *Oscar v. BMW of N. Am., LLC*, 274 F.R.D. 498, 511 (S.D.N.Y. 2011); *Marshall v. Hyundai Motor Am.*, 334 F.R.D. 36, 56 (S.D.N.Y. 2019).